NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONALD J. SMALL, : | |
| Plaintiff, : | |
| v. : | Civil No. 05-3793 (AET) |
| AMERICA WEST AIRLINES, INC., : et al., | **MEMORANDUM & ORDER** |
| Defendants. : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiff Ronald J. Small's Motion for Reconsideration of the Court's Opinion and Order, signed and entered on August 30, 2007 [docket no. 18]. The Court has decided this Motion after considering the written submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is denied.

BACKGROUND

The Court incorporates by reference the factual summary provided in its Opinion and Order entered August 30, 2007 ("August 30th opinion"). In the August 30th Opinion, the Court found that federal law preempted several of Plaintiff's state claims, and granted Defendants America West Airlines and US Airways, Inc.'s Motion to Dismiss with respect to those federal claims as being time-barred. The Court then granted Plaintiff's Motion to Remand with respect to the remaining state claims. Plaintiff filed this instant Motion on September 21, 2007, and seeks reconsideration of the Court's dismissal of Count Four, a claim brought pursuant to the

New Jersey Consumer Fraud Act ("Consumer Fraud Act"), N.J. Stat. Ann. § 56:8-1 et seq.

DISCUSSION

A.      Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A party moving for reconsideration must serve and file the motion within ten business days after the entry of judgment on the original motion. D.N.J. Civ. R. 7.1(i). A party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." Id. In other words, the movant may address only matters that were presented in its original motion to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). However, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citation and quotations omitted).

B.      Analysis

Defendants argue that Plaintiff's Motion should be denied because he filed this Motion

on September 21, 2007, more than ten business days after the entry of judgment by the Court on August 30, 2007.  In reply, Plaintiff argues that, because he is not an electronic case filer, he did not receive the Court's decision in time to file his Motion within the ten-day deadline imposed by Local Civil Rule 7.1(i).  Although the Court is aware that Local Civil Rule 7.1(i) directs that a motion for reconsideration "shall be served and filed within [ten] business days after the entry of the order or judgment on the original motion," it is mindful that mailings of decisions by the Court may take several days to reach litigants who do not use the electronic case filing system.  Accordingly, the Court will consider Plaintiff's Motion on its merits.

In its August 30th Opinion, the Court held that Count Four of Plaintiff's Complaint is preempted by the Warsaw Convention as Amended at the Hague, 1955, and by Protocol No. 4 of Montreal, 1975 ("the Convention").  In Count Four, Plaintiff brought a cause of action under the Consumer Fraud Act for Defendant's alleged failure to investigate his lost baggage claim.  In its discussion of whether the Convention preempted Plaintiff's state claims, the Court cited Article 29 of the Convention, which provides that:

> [i]n the carriage of passengers, baggage and cargo, any actions for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

Warsaw Convention, art. 29.  The Court also cited case law holding that, in the case of international carriage, the Warsaw Convention "exclusively govern[s] the rights of the parties to an action for damages and preempt[s] all other causes of action."  Waters v. The Port Auth. of N.Y. and N.J., 158 F. Supp. 2d 415, 424 (D.N.J. 2001) (citing El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155 (1999)).

Here, Plaintiff argues that Count Four does not seek damages from Defendant for the loss of his baggage. Instead, Plaintiff argues that he was prevented from filing an insurance claim for his lost luggage because Defendants denied losing it. As a result, Plaintiff asserts that Defendants' denial caused him to suffer "damages because the defendant lied or misspoke thereby committing a tortous [sic] act" (Pl.'s Mot. for Reconsideration, ¶ 4), since, as a result of Defendants' alleged misrepresentations, Plaintiff was prevented from filing an insurance claim for the lost luggage. The Court is not convinced by Plaintiff's conclusory assertion that this constitutes an action separate from one for damages "[i]n the carriage of . . . baggage," particularly when the terms of the Convention apply to actions sounding in tort.

Plaintiff has not attempted to show an intervening change in controlling law and points to no newly available evidence in support of his Motion. The Court finds that Plaintiff has not sustained his burden of showing a clearly erroneous determination of law or fact in the Court's August 30th Opinion. Nor has Plaintiff suggested that dismissal of Count Four was manifestly unjust. Therefore, the Court denies Plaintiff's Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 29th day of October, 2007,

ORDERED that Plaintiff Ronald J. Small's Motion for Reconsideration [20] is DENIED.

s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.